IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Case No. 09-cv-00044-MSK-CBS

IMERICA ADMINISTRATIVE SERVICES CORPORATION,

      Plaintiff,

v.

HEALTHTRAN, LLC,

      Defendant.

_____

**OPINION AND ORDER REMANDING ACTION**
_____

      **THIS MATTER** comes before the Court *sua sponte*.

      The Plaintiff commenced this action in the Colorado District Court for Arapahoe County

on or about January 6, 2009. Greatly summarized, the Complaint alleges that the Plaintiff

entered into a contract with the Defendant by which the Defendant would perform certain

administrative and data processing of health insurance claims for the Plaintiff. The relationship

soured, and near the end of 2008, the Plaintiff made a number of demands on the Defendant,

including return of electronic patient data supplied by the Plaintiff to the Defendant. The

Defendant refused that request and continues to retain the Plaintiff's data.

      The Complaint alleges five claims for relief: (i) a demand for injunctive relief "requiring

[the Defendant] to give [the Plaintiff] access to its own electronic claims data"; (ii) breach of

contract, in that the Defendant "failed to perform according to the terms of the parties'

agreement"; (iii) breach of fiduciary duty, in that the Defendant served as a fiduciary by virtue of

its possession of the Plaintiff's patient data, and that the Defendant "fail[ed] to process the

claims . . . in a timely manner, fail[ed] to perform other [claims processing] services properly, and [refused] to provide [the Plaintiff] with necessary access to [its] own data; (iv) conversion, in that the Defendant has refused to turn over the patient data; and (v) "negligent and/or intentional false representation," in that the Defendant "made numerous false representations to [the Plaintiff] regarding the quality and nature" of its services.

The Defendant removed (**# 1**) the action to this Court on January 11, 2009.  The Notice of Removal alleges that the case "impacts at least three copyrights," in that the Plaintiff's request for injunctive relief, if granted, "subjects [the parties] to potential claims for copyright infringement" from unnamed non-parties, that the case "also concerns Defendant's claims for copyright infringement against Plaintiff," and that "resolution of these disputes requires construction of the Copyright Act and federal principles."  Accordingly, the Defendants contend that federal subject matter jurisdiction sufficient to support removal lies under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338 (conferring original jurisdiction on federal courts in matters "arising under any Act of Congress relating to . . . copyrights").

The existence of federal subject matter jurisdiction is an essential component of removal. 28 U.S.C. § 1441(a).  The Court has an independent obligation to determine whether subject matter jurisdiction exists, and even where no party has affirmatively raised the issue, the Court may examine the existence of subject matter jurisdiction *sua sponte* at any time.  *1mage Software, Inc. v. Reynolds and Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).  The party asserting the existence of federal jurisdiction – here, the Defendant – bears the burden of establishing that it exists.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

For purposes of removal premised on federal question jurisdiction, the existence of a federal question (whether arising generally pursuant to 28 U.S.C. § 1331 or specifically with

regard to copyrights under 28 U.S.C. § 1338) is determined solely from on the face of the Complaint; the fact that a defendant anticipates asserting a defense or counterclaim sounding in federal law is insufficient. *Jefferson County v. Acker*, 527 U.S. 423, 430-31 (1999). The face of the Plaintiff's Complaint reveals no federal question, as all of the claims asserted sound in state law. Thus, the mere fact that the Defendant anticipates asserting defenses that entail consideration of copyright law or asserting copyright-based counterclaims is insufficient to permit removal.

Accordingly, it appearing to the Court that no federal question is presented on the face of the Complaint, there is insufficient federal subject matter jurisdiction present to support removal. Pursuant to 28 U.S.C. § 1447(c), the matter is **REMANDED** to the Colorado District Court for Arapahoe County. The Clerk of the Court shall transmit the entire case file to the Clerk of the Colorado District Court for Arapahoe County and shall close this case.

Dated this 14th day of January, 2009

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge